IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cr. No. 20-CR-1766 DHU |
| ) | 22-CR-864 DHU |
| vs. ) | |
| ) | |
| **THOMAS CROSBY**, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its undersigned counsel, respectfully submits its Sentencing Memorandum ahead of Defendant Thomas Crosby's ("Defendant") sentencing hearing set for May 9, 2023 in both 20-CR-1766 and 22-CR-864.[1] The United States ask the Court to accept the parties' Federal Rule of Criminal Procedure 11(C)(1)(B) plea agreement and further requests that the Court impose a term of imprisonment at the low-end of Defendant's final calculated guideline range. The United States agrees with the Presentence Investigation Report ("PSR") that the low-end of the guideline range of imprisonment is 78 months.

## PROCEDURAL STATEMENT

1. On September 23, 2020, a federal grand jury in the District of New Mexico charged Defendant with a violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2) and 2256 for Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct. Doc. 1.[2]

2. Following the indictment, Federal Bureau of Investigation agents in the Western

---

[1] Defendant was indicted in the District of New Mexico under 22-CR-1766 on September 23, 2020. Doc. 2. He was then indicted in the Western District of Pennsylvania on May 24, 2022. The WDPA case was transferred pursuant to Rule 20 on March 3, 2022. This sentencing memorandum is being filed via CM/ECF under both 20-CR-1766 and 22-CR-864.
[2] Document citations in this pleading refer to the document numbers in 20-CR-1766 unless identified as being from the 22-CR-864 case.

1

District of Pennsylvania executed an arrest warrant on Defendant at his place of employment. Doc. 53 at ¶ 28.  Following his arrest on the District of New Mexico indictment, Defendant was found in possession of additional items of child pornography in Pennsylvania and was indicted on February 1, 2022, in the Western District of Pennsylvania, for violating 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) for Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct.  Doc 1, 22-CR-864 DHU.

      3. On March 3, 2022, a Consent to Transfer Case for Plea was filed in the District of New Mexico, requesting that the Western District of Pennsylvania case be transferred here for a guilty plea.  *Id*.

      4. On September 13-14, 2022, Defendant entered a guilty plea to both indictments before The Honorable Laura Fashing, United States Magistrate Judge.  Doc. 48.  The plea was pursuant to a plea agreement.  Doc. 46.

      5. The Presentence Report ("PSR") was disclosed on January 30, 2023.  Doc. 53. Neither party has raised an objection to the PSR.

      6. Sentencing is scheduled for May 9, 2023.  Doc. 55.

## FACTUAL BACKGROUND

The PSR accurately summarizes the facts of this case. Doc. 53. at ¶¶ 21-30.  Defendant's PayPal account was flagged for potentially selling and purchasing child pornography.  *Id*. at ¶ 22. Some of the IP addresses linked with Defendant's account showed the active downloading of child pornography.  *Id*.  Defendant was a member of the United States Air Force at the time of the reports, and Defendant was interviewed by Air Force Office of Special Investigations at Canon Air Force Base.  *Id*. at ¶ 23.  Defendant admitted to downloading child pornography via BitTorrent.  *Id*.  A search warrant was executed on Defendant's address in Clovis, New Mexico,

and child pornography was located on Defendant's electronic devices. *Id*. at ¶¶ 25-26.

Defendant was administratively discharged from the Air Force as a result of possessing child pornography, and he returned to the Pittsburgh area in the Western District of Pennsylvania. He was indicted in the District of New Mexico in September 2020 for possessing child pornography. The FBI later executed an arrest warrant on Defendant near Monroeville, Pennsylvania. *Id*. at ¶ 28. During the arrest, Defendant waived his rights and agreed to speak with agents. *Id*. Defendant admitted to continuing to view child pornography after leaving New Mexico. A search of Defendant's phone uncovered additional items of child pornography. *Id*. at ¶ 29. The specific number of files, examples of content, and additional facts are found in the PSR. Doc. 53 at ¶ 22-30.

## PRESENTENCE REPORT

The PSR reflects the following enhancements to Defendant's base offense level of 18: a two-level increase pursuant to United States Sentencing Guideline (U.S.S.G.) § 2G2.2(b)(2) because the material involved prepubescent minors; a four-level enhancement for material that portrays a sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler pursuant to U.S.S.G. § 2G2.2(b)(4)(A-B); a two-level enhancement for use of a computer pursuant to U.S.S.G. § 2G2.2(b)(6); and a five level enhancement for 600 or more images pursuant to U.S.S.G. § 2G2.2(b)(7)(D). *Id.* at ¶¶ 38-42. Following a three-level reduction for acceptance of responsibility, the PSR estimates an adjusted offense level of 28. *Id.* at ¶ 50. Combined with a criminal history category I, the PSR calculates a sentencing guideline range of 78-97 months. *Id.* at ¶ 77.

**RESTITUTION**

Pursuant to the plea agreement, Defendant agreed to pay restitution in the amount of $2,000, per victim, to any victim, who may be identified and requests restitution in Cause No. 20-1766 and up to $3,000 in in Cause No. 22-864.  Doc. 46.  The United States received restitution requests from six victims in the 1766 case.  No restitution requests have been received in relation to the 864 case.  The United States respectfully requests an addition thirty (30) days following sentencing to finalize a proposed restitution order.

**ARGUMENT**

Pursuant to 18 U.S.C. § 3553(a), "the court shall impose a sentence sufficient, but not greater than necessary" to comply with the sentencing purposes detailed in 18 U.S.C. § 3553(a)(2).  As an initial matter, the Court shall consider the "nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  In the Tenth Circuit, "[d]istrict courts have broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a), even when those facts are already accounted for in the advisory guidelines range."  *United States v. Yanez-Rodriguez*, 555 F.3d 931, 946 (10th Cir. 2009).

A. **The Nature and Circumstances of the Offense**

Defendant's offense conduct demonstrates a high level of engagement with Child Sexual Assault Material (CSAM), warranting a guideline sentence of 78 months' incarceration, followed by supervised release for a term of at least 15 years.  Trafficking child pornography, in any manner, is a serious offense, with demonstrable harm to the victims whose sexual abuse is memorialized in the traded images.  As is common, Defendant committed the charged offenses by means of the Internet; however, the nature of Defendant's conduct demonstrates a higher

level of engagement than other offenders whose conduct primarily involves seeking CSAM. Defendant not only collected CSAM.  The evidence suggests he was purchasing, trading, and possibly selling CSAM material online.

While the evidence does not suggest that Defendant produced any child pornography, his act of purchasing, possessing, and apparently selling CSAM nevertheless helped to encourage and support what Congress has called, "a national tragedy" in which "[e]ach year tens of thousands of children under the age of 18 are believed to be filmed or photographed while engaging in sexually explicit acts for the producers own pleasure or profit." H.R. Rep. 98-536 at 1 (1983), reprinted in 1984 U.S.C.C.A.N. 492.  The victimization of these children "does not end when the camera is put away." *United States v. Norris*, 159 F.3d 926, 929 (5th Cir. 1998). Consumers of this material causes the children portrayed to suffer in various ways: (1) the abuse of these children is perpetuated through dissemination, (2) the existence of the image is an invasion of the child's privacy, and (3) the demand for the creation of more images is created by the consumer. *Id.* at 929-30.

Moreover, Defendant engaged with CSAM for a number of years.  The investigation revealed that he was actively involved in the trafficking of child pornography since he was sixteen years old.  Even after contacted by law enforcement and administratively discharged from the Air Force as a result of his CSAM engagement, Defendant continued to acquire and possess CSAM material up until his arrest in Pennsylvania in 2020.  Defendant suffered no momentary lapse of judgement and no temporary inability to overcome his deviant impulses. Rather, he consistently demonstrated, and acted upon, his sexual interest in minors in a manner that also furthered the trade of such materials in others for a significant period of time.

B. **Defendant's History and Characteristics**

While Defendant's criminal history is unremarkable, studies indicating that child pornography offenders with no prior sexual criminal history later admit to prior sexual contact offenses. *See e.g.*, Andres E. Hernandez, Psy.D., *Self-Reported Contact Sexual Offenses by Participants in the Federal Bureau of Prisons' Sex Offender Treatment Program: Implications for Internet Sex Offenders*, presented at the 19th Annual Conference Research and Treatment Conference of the Association for the Treatment of Sexual Abusers, San Diego, CA at 5-6 (November 2000) (62% of child pornography offenders with no documented contact sexual crimes later admitted to having undetected contact sexual crimes). The same study suggests that offenders convicted of child pornography and/or travel offenses committed contact sexual offenses at a higher rate than offenders convicted of contact offenses. *Id.* at 6. The study concluded: "These findings suggest that the majority of offenders convicted of Internet sexual crimes share similar behavioral characteristics as many child molesters. While these Internet sex offenders have unique patterns of sexual deviance, it appears that many can be equally predatory and dangerous as extra-familial child molesters." *Id.*

The conduct which brings Defendant before this Court presents real concern that Defendant will reoffend. Despite the law enforcement intervention in 2018, Defendant continued to engage with CSAM. Then, despite the execution of a search warrant at his residence—an alarming event that would likely have a chilling effect on criminal behavior—Defendant began seeking CSAM again. Defendant's continued criminal behavior should give the Court great concern about the likelihood of recidivism. The United States fears that without a significant sentence and a lengthy term of supervised release, Defendant will present an unmitigated risk of harm to the community, particularly to minors.

C. **Additional Sentencing Factors**

In addition to considering the nature and circumstances of the offense and the history and characteristics of the defendant, the Court shall also consider:

> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.
> …
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
>
> 18 U.S.C. §§ 3553(a)(2) and (6).

The need for the sentence to reflect the severity of the offense is particularly great here. The United States submits that a term of imprisonment at the low-end of Defendant's guideline range—78 months—would provide just punishment for Defendant's offenses and promote respect for the law. This factor is particularly important given Defendant's ongoing conduct in the face of law enforcement activity at his home. Finally, the requested sentence will guard against unwarranted sentence disparities among similarly situated defendants.

## CONCLUSION

The United States advocates for this Court to accept the Rule 11(c)(1)(B) plea agreement and impose a sentence at the low-end of Defendant's final guideline range. A sentence of 78 months' incarceration, coupled with at least a 15-year term of supervised release and restitution is sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553.

    Respectfully submitted,

    ALEXANDER M.M. UBALLEZ
    United States Attorney

*Electronically filed on May 1, 2023*
NICHOLAS MOTE
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that the foregoing pleading was electronically filed through the CM/ECF system, which caused counsel of record for defendant to be served by electronic means.

*/s/*
_____
NICHOLAS MOTE
Assistant United States Attorney